IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                      No. 2:12-cv-1204 LKK DAD

    v.

RAVINESH TONY BEHARI,          FINDINGS AND RECOMMENDATIONS
individually and d/b/a KNOCKOUT
SPORTS BAR,

    Defendant.

_____/

        This matter came before the court on January 18, 2013, for hearing of plaintiff J & J Sports Production, Inc.'s ("plaintiff") motion for default judgment against defendant Ravinesh Tony Behari ("defendant"), individually and doing business as Knockout Sports Bar. (Doc. No. 15.) Brian K. Wanerman, Esq. appeared on behalf of plaintiff. No appearance was made by or on behalf of the defendant.

        Oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

/////

/////

1

PROCEDURAL BACKGROUND

Plaintiff commenced this action on May 4, 2012, by filing a complaint and paying the required filing fee. (Doc. No. 1.) Plaintiff's complaint alleges that it was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the "Manny Pacquiao v. Shane Mosley, WBO Welterweight Championship Fight Program," ("program") which was telecast nationwide on Saturday, May 7, 2011. (Compl. (Doc. No. 1) at 4.) Defendant Behari is the owner, operator, licensee, permittee, or person in charge of the commercial establishment doing business as the Knockout Sports Bar in Marysville, California. (Id. at 3.) Plaintiff's complaint alleges that the defendant unlawfully intercepted and broadcast the program without authorization to do so. (Id.) The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, conversion, and violation of California Business & Professions Code § 17200, *et seq*.

The record reflects that service of process was effected on defendant Behari on August 21, 2012, by substituted service at the defendant's residence. (Doc. No. 8.) Despite being served with process, defendant failed to appear in this action and, pursuant to plaintiff's request, (Doc. No. 12), the Clerk of the Court entered defendant's default on November 9, 2012. (Doc. No. 13.) On November 29, 2012, plaintiff filed the motion for default judgment now pending before the court and noticed it to be heard before the undersigned pursuant to Local Rule 302(c) (19). (Doc. No. 15.)

The matter came before the undersigned on January 18, 2013. (Doc. No. 16.) Despite being served with all papers filed in connection with the motion, there was no opposition filed nor appearance made by or on behalf of the defendant at the January 18, 2013 hearing.[1]

---

[1] While the defendant in this case was served by plaintiff with the motion for entry of default judgment, such service generally is not required. See Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared personally or by a representative"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"); see also Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir.1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared'

2

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

/////

---

in the action. The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."). Out of an abundance of caution, plaintiff prudently served defendant with all papers related to the pending motion for entry of default judgment.

1  Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant Behari, establish the following circumstances:  (1) defendant Behari is the owner, operator, licensee, permitee, person in charge, or person with control over the commercial establishment doing business as Knockout Sports Bar in Marysville, California; (2) by contract, plaintiff paid for the proprietary rights to distribute the "Manny Pacquiao v. Shane Mosley, WBO Welterweight Championship Fight Program," telecast nationwide on May 7, 2011, via closed-circuit television; (3) pursuant to the contract, plaintiff entered into sublicensing agreements with various commercial entities throughout North America by which it granted those entities limited sublicensing rights to exhibit the program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendant exhibited the program at the time of its transmission and did so willfully and for purposes of commercial or private gain; (6) defendant violated 47 U.S.C. § 605, *et seq.*, which prohibits the unauthorized publication or use of communications; (7) defendant violated 47 U.S.C. § 553, *et seq.*, which prohibits the unauthorized interception, exhibition, publication, and divulgence of programs; (8) by reason of defendant's violations of §§ 605 and 553, plaintiff has a private right of action pursuant to both statutes; (9) defendant also tortiously obtained possession of plaintiff's program and wrongfully converted it to defendant's own use and benefit; (10) by reason of defendant's tortious conversion, plaintiff is entitled to compensatory and punitive damages; (11) the interception and exhibition of the program violated California Business & Professions Code § 17200, *et seq.*; and (12) by reason of defendant's violation of the Business & Professions Code § 17200, *et seq.*,

1  plaintiff is entitled to such remedies as restitution, disgorgement, and attorneys' fees.  (Doc. No.
2  1 at 3-9.)
3        In its complaint, plaintiff prays for statutory damages of $110,000 for the willful
4  violation of 47 U.S.C. § 605 and for recovery of all costs and reasonable attorneys' fees.  (Id. at
5  9.)  Plaintiff prays for statutory damages of $60,000 for the willful violation of 47 U.S.C. § 553
6  and for recovery of all costs and reasonable attorneys' fees.  (Id.)  Plaintiff also seeks
7  compensatory and punitive damages, reasonable attorneys' fees, and costs of suit for defendant's
8  tortious conversion of plaintiff's sports program.  (Id. at 10.)  Finally, plaintiff seeks restitution,
9  declaratory relief, injunctive relief, attorneys' fees, and costs of suit for defendant's violation of
10 the California Business & Professions Code.  (Id.)
11       Plaintiff's complaint and summons were served upon defendant Behari on August
12 21, 2012, by substituted service at the defendant Behari's residence.  (Doc. No. 8.)  The
13 undersigned finds that the defendant was properly served with the complaint and that the Clerk
14 properly entered the default of the defendant on November 9, 2012.  (Doc. No. 13.)  Defendant
15 Behari was also served with both plaintiff's request for entry of default and application for
16 default judgment by the court.  (Doc. Nos. 12 & 15.)  Despite being served with process and all
17 papers filed in connection with plaintiff's request for entry of default and motion for default
18 judgment, defendant failed to respond to plaintiff's complaint, plaintiff's request for entry of
19 default, or plaintiff's motion for default judgment.
20       After weighing the Eitel factors, the undersigned finds that the material
21 allegations of the complaint for the most part support plaintiff's claims.[2]  Plaintiff will be

---

[2] Some courts have held that a defendant cannot be held liable under both 47 U.S.C. § 605(a) and 47 U.S.C. § 553.  Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008).  However, the court need not reach the issue in this case, since the overwhelming majority of courts have concluded that where, as here, the defendant has defaulted, damages are to be awarded only under § 605.

prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendant's failure to pay for the right to exhibit the program to the patrons within the Knockout Sports Bar.

In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. Nor is there any indication that defendant's default resulted from excusable neglect, since defendant was properly served with plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default judgment. Thus, defendant Behari has had ample notice of plaintiff's intent to pursue a default judgment against him.

Although public policy generally favors the resolution of a case on its merits, defendant's failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case. Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II. Terms Of Judgment To Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $114,200 against the defaulted defendant. That sum consists of $110,000 for violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) and $4,200 for the tort of conversion. (Doc. Nos. 15-2 &

---

Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197 n. 1 (N.D. Cal. 2000) (and cases cited therein); see also Integrated Sports Media, Inc. v. Naranjo, No. 1:10-cv-0445-AWI SMS, 2010 WL 3171182, at *3 (E.D. Cal. Aug. 11, 2010) ("Although some courts, including some in the Eastern District of California, have multiplied awards when a defendant is liable under both provisions, the majority of courts in the Ninth Circuit and elsewhere have imposed damages only pursuant to one of the two sections."); J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009).

15-5.)  The undersigned is mindful that defendant was served with plaintiff's motion for default judgment and was placed on notice of the amount sought by plaintiff.  However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake.  See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under the Federal Communications Act, a plaintiff may elect to seek either actual or statutory damages.  47 U.S.C. § 605(e)(3)(C)(i)(I & II).  The statute provides for statutory damages for each violation of not less then $1,000 and not more than $10,000, as the court considers just.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Plaintiff seeks the maximum award of $10,000.  The statute also authorizes enhanced damages of not more than $100,000 if the court finds the violation was "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  Here, plaintiff seeks $100,000 in enhanced statutory damages.  In support of this request plaintiff argues that the requested amount is justified primarily because of the need to deter broadcast piracy in light of the harm done to plaintiff's business as a result of such activities.  The court finds plaintiff's argument in this regard to be unpersuasive in light of the record before the court and not supported by the weight of authority in this area.

In this regard, plaintiff has submitted an affidavit from its investigator stating that during the airing of the program at defendant's establishment, the investigator observed between 24 to 31 patrons inside the establishment and that the investigator was charged a ten dollar cover charge for entry.  (Doc. No. 15-3 at 2-3.)  Plaintiff has come forward with no evidence of any promotion by defendant that the fight would be shown at the establishment, that a special premium on food and drink (in addition to the ten dollar cover charge) was being charged at the establishment on the night of the program or that the establishment was doing any greater level of business on the night the program was shown than at any other time.  Finally, plaintiff has

presented no evidence to the court suggesting that, at the time this action was filed, defendant was a repeat broadcast piracy offender.[3]

In light of this record, the court will recommend that judgment be entered against the defaulted defendant, and that plaintiff be awarded $1,000 in statutory damages plus $5,000 in enhanced statutory damages[4] for a total of $6,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i & ii). See J & J Sports Productions, Inc. v. Hernandez, No. 12-cv-5773 JST, 2013 WL 2468354, at *5 (N.D. Cal. June 6, 2013) (awarding $2,200 in statutory/enhanced damages); J & J Sports Productions, Inc. v. Aranda, No. 1:12-cv-1508 AWI BAM, 2013 WL 1982974, at *3-4 (E.D. Cal. May 13, 2013) (awarding $1,000 in statutory damages and denying request for enhanced statutory damages); J & J Sports Productions, Inc. v. Jurado, No. CIV S-10-3040 GEB DAD, 2011 WL 6153605, at *4 (E.D. Cal. Dec. 21, 2011) (awarding $1,000 in statutory damages and $3,000 in enhanced statutory damages for a total award of $4,000 in a default judgment under similar circumstances to those presented here); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3-4 (N.D. Cal. Feb. 19, 2010) (awarding $250 in statutory damages and denying request for enhanced statutory damages in light of the lack of evidence that the violation was egregious); J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *4 (awarding statutory damages of $2,000 plus a penalty enhancement for a total award of $6,000 in a default judgment under similar circumstances to those presented here); J & J Sports Productions, Inc. v. Medinarious, et

---

[3] Plaintiff's counsel did submit a supplemental declaration stating that, after this action was commenced, a second piracy action was brought against defendant Behari. (Doc. No. 15-4.) The Magistrate Judge assigned in that second action, however, has already issued findings and recommendations, recommending that the court enter judgment against the defendant and factoring in defendant's repeated piracy activity in computing the appropriate award of damages in that case. See Joe Hand Prod., Inc. v. Behari, No. 2:12-cv-1522 KJM AC, 2013 WL 1129311 (E.D. Cal. Mar. 18, 2013).

[4] In light of the evidence submitted by plaintiff that defendant was collecting a cover charge in connection with the pirated fight, this is an amount somewhat greater than that normally set by the undersigned in cases not involving repeat offenders.

al., No. C 08-0998 JF (RS), 2008 WL 4412240, at *3 (N.D. Cal. Sept. 25, 2008) (awarding $1,000 in statutory damages and $5,000 in enhanced statutory damages in a default judgment under similar circumstances); Garden City Boxing Club, Inc. v. Zavala, C-07-5925, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008) (same); Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1199 (N.D. Cal. 2000) (awarding statutory damages of $1,000 with no enhanced damages under circumstances similar to those here).

Plaintiff's motion for default judgment also seeks an award of $4,200 in damages for the state law tort of conversion. Plaintiff, however, has offered no evidence establishing what amount defendant would have been required to pay to obtain a sublicensing agreement.[5] See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065, at *4 (calculating damages for the tort of conversion based upon the amount that defendants would have been required to pay for a proper sublicensing agreement). Moreover, the recommended award of statutory and enhanced damages sufficiently compensates plaintiff and this case does not present facts suggesting an additional award might be warranted. See Joe Hand Prod., Inc. v. Behari, No. 2:12-cvg-1522 KJM AC, 2013 WL 1129311, at *7 (E.D. Cal. Mar. 18, 2013). Accordingly, the court will not recommend an award of damages with respect to the tort of conversion.

Finally, although the prayer for relief in the complaint seeks the award of costs and attorneys' fees, the motion for default judgment does not contain any argument in support of such a request. Moreover, no evidence of costs or attorneys' fees incurred was submitted to the court in connection with the pending motion. Accordingly, the court will not recommend the award of costs or attorneys' fees.

/////

---

[5] In the second action against this same defendant, plaintiff's counsel sought only $1,100 in damages for conversion, "which consists of the fee that defendant would have had to pay to plaintiff in order to lawfully broadcast the Program through a contractual sublicense." Joe Hand Prod., Inc. v. Behari, No. 2:12-cv-1522 KJM AC, 2013 WL 1129311 at *7 (E.D. Cal. Mar. 18, 2013). The court notes, however, that the program at issue in the second action was an Ultimate Fighting Championship PPV.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's November 29, 2012 motion for default judgment (Doc. No. 15) against defendant Behari individually and doing business as Knockout Sports Bar be granted;

2. Judgment be entered against defendant in the sum of $6,000, consisting of $1,000 in statutory damages plus $5,000 in enhanced statutory damages for violating 47 U.S.C. § 605; $0 for violating 47 U.S.C. § 553; and $0 for the tort of conversion; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\j&jsports1204.mdj.f&rs